IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANTHONY DAVID LEE LEONING, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:21-CV-35-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by Petitioner Anthony David Lee Leoning ("Petitioner") challenging the constitutional legality or validity of his state court conviction and sentence. For the following reasons, Petitioner's habeas application should be DISMISSED with prejudice as time barred.

## I.     BACKGROUND

On February 21, 2018, Petitioner was charged by Indictment in Randall County, Texas with the first-degree felony offense of aggravated robbery, with an enhancement for violating section 29.03 of the Texas Penal Code. (ECF 9-1 at 32). Specifically, the Indictment alleged that on or about January 5, 2018, Petitioner did then and there:

> while in the course of committing theft and with intent to obtain or maintain control of the property, intentionally and knowingly threaten or place Barrett Jones in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a knife, that in the manner of its use and intended use was capable of causing death and serious bodily injury to Barrett Jones.

(ECF 9-1 at 5). From May 21, 2018 to May 24, 2018, Petitioner's criminal case was tried before a jury in the 47th District Court of Randall County. (ECF 9-1). On May 24, 2018, the jury found Petitioner guilty of aggravated robbery. (ECF 9-1 at 28). The trial court then sentenced Petitioner

to 60 years imprisonment in the Texas Department of Criminal Justice ("TDCJ"), Institutional Division and entered judgment accordingly. (ECF 9-1 at 32).

Petitioner filed a direct appeal of his conviction and sentence to the Court of Appeals for the Seventh District of Texas. *Leoning v. Texas*, No. 7-18-213-CR, 2019 WL 6483303 (Tex. App.—Amarillo Dec. 2, 2019, no pet.) (mem. op.) (ECF 9-10). On December 2, 2019, the intermediate state appellate court affirmed the judgment of conviction. (*Id.*). Petitioner did not seek review of the intermediate state appellate court's decision by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

On February 22, 2021, Petitioner filed an application for habeas corpus relief in this Court. (ECF 3 at 48). Petitioner also filed a state-court habeas petition, but it appears he did so after filing this one, on March 17, 2021. (ECF 13-2 at 71).

## II.    STATUTE OF LIMITATIONS

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1)     A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

      (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

## III.     <u>RESPONSIVE PLEADINGS</u>

On June 8, 2021, Respondent filed a Preliminary Answer asserting Petitioner's federal habeas petition should be dismissed as time barred. (ECF 15). The answer briefed the applicable statutory and case law regarding the one-year statute of limitations in federal habeas corpus cases, as well as the possibilities of statutory and equitable tolling of the limitations period. Respondent also set forth relevant dates in this case and analyzed the timeliness of Petitioner's habeas application. (*Id.*). About four months have passed since Respondent's answer and brief, and Petitioner has failed to reply in any manner.

## IV.     <u>FINALITY OF CONVICTION</u>

A judgment becomes final upon the conclusion of direct appellate review or when the time for filing further direct appeal expires. *See Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2002). Regarding the finality of Petitioner's judgment of conviction, the undersigned makes the following findings and/or conclusions:

1.     Petitioner was sentenced on May 23, 2018. (ECF 9-1 at 32). Petitioner filed a direct appeal of his conviction with the appropriate state intermediate appellate court who, on December 2, 2019, affirmed Petitioner's conviction and sentence. (ECF 9-10).

2.     Petitioner's judgment of conviction became final on January 1, 2020, when the 30-day period to file a petition for discretionary review expired. *Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012).

## V.     START OF THE LIMITATIONS PERIOD

The limitations period shall run from the date on which the judgment became final <u>unless</u> one of the circumstances set forth in 28 U.S.C § 2244(d)(1)(B), (C), or (D) clearly applies and triggers a later begin date. Petitioner filed his state-court habeas petition more than a year after his judgment became final, and he has not attempted to explain why any exception applies. This failure occurred despite the form habeas application prompting him to provide an explanation. Page nine of that form instructs him to explain why the one-year limitations contained in 28 U.S.C. § 2244 does not bar the petition and has five blank lines beneath the question. Petitioner left these lines blank. (ECF 3 at 9). And nothing in Petitioner's attached brief mentions the limitations period.

Accordingly, regarding the start of the one-year limitations period, the undersigned makes the following findings and conclusions:

1.    The record does not reflect any unconstitutional "State action" impeded or prevented Petitioner from filing for federal habeas corpus relief.

2.    Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

3.    Petitioner's claims are not of such a nature that the factual predicate of the claims presented could not have been discovered, through the exercise of due diligence, until a date subsequent to the conclusion of Petitioner's direct review of his conviction.

4.    The one-year period of limitations in this case began on the date on which Petitioner's judgment became final, that is January 1, 2020.

5.    Petitioner's federal habeas corpus petition was thus due on or before January 1, 2021 (upon the expiration of one year) unless the limitations period was statutorily or equitably tolled.

6.    Petitioner filed his habeas application on February 22, 2021.

4

## VI.   <u>EQUITABLE TOLLING</u>

The one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his habeas rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented him from effecting a timely filing. *Id*. at 649. The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016). Equitable tolling can apply to the one-year limitations period of section 2244(d) only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. Equitable tolling principally applies where the petitioner is "actively misled" by the respondent about the cause of action or was prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A "garden variety claim of excusable neglect" by the petitioner does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).

Here, Petitioner has not asserted, much less sufficiently demonstrated, that he is entitled to equitable tolling of the limitations period. Petitioner does not even attempt to explain his delays in this case. (ECF 3 at 9). Moreover, the record does not reflect Petitioner pursued his claims with reasonable diligence, or that extraordinary circumstances beyond his control, qualifying as "rare and exceptional" events, actions, or conditions prevented him from timely seeking post-conviction relief from his conviction.

## VII.   ACTUAL INNOCENCE

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. (*quoting Herrera v. Collins*, 506 U.S.390, 404 (1993)). A habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995*); see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–24 (1998).

Under ground two of his state-court application, Petitioner argues he is "actually innocent" of the robbery because the evidence linking him to the knife used in the underlying offense was too circumstantial. (ECF 13-2 at 57). Although Petitioner does not argue actual innocence in the federal petition, nor *as a gateway* for this Court to consider his time-barred claims, this Court has liberally construed Petitioner's "actual innocence" claim as making such an argument. But even liberally construed, Petitioner only argues for legal insufficiency, which is not enough. *See Bousely*, 523 U.S. at 623–24. Moreover, Petitioner's argument leaves out damning eye-witness testimony tying him to a knife used in the aggravated robbery. (*See e.g.*, ECF 9-4 at 50). Therefore, Petitioner does not make the necessary showing of actual innocence. Petitioner fails to demonstrate

6

any "new, reliable evidence" that was not previously presented and was unavailable to him in the underlying proceedings, nor does he show it is more likely than not that, "in light of the new evidence," no fact finder, acting reasonably, would have convicted Petitioner in light of the new evidence. Consequently, Petitioner has not overcome the time bar for filing a federal habeas corpus petition.

## VIII.   <u>FINDINGS AND CONCLUSIONS</u>

1.   The one-year statutory limitations period in this case was not equitably tolled.

2.   Petitioner's federal habeas-corpus application, filed February 22, 2021, when Petitioner purportedly placed the application in the state prison mail system,[1] was filed **after** the expiration of the statute of limitations and **is time barred**. The time for filing the federal application was not tolled by the filing of any state habeas application.

3.   An "actual innocence" exception to the time bar is not applicable to this case to allow a gateway for this Court to hear Petitioner's time barred claims.

## IX.   <u>RECOMMENDATION</u>

For the above reasons and the reasons set forth in Respondent's Preliminary Answer filed June 8, 2021 (ECF 15), it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by Petitioner ANTHONY DAVID LEE LEONING be DISMISSED with prejudice as time barred.

---

[1]*Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998) (a federal habeas petition is "filed" for purposes of the limitations period when the inmate tenders his petition to prison officials for mailing).

## X.  INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 6, 2021.

_Lee Ann Reno_
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin,* 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).